UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHY GUIGNET § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO._____ |
| vs. § | JURY TRIAL DEMANDED |
| § | |
| DARYL L. WEAVER and § | |
| EAST CLAY CARRIERS, LLC § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CATHY GUIGNET** (hereinafter referred to as Plaintiff "GUIGNET") complaining of **DARYL L. WEAVER** (hereinafter referred to as Defendant "WEAVER") and **EAST CLAY CARRIERS, LLC** (hereinafter referred to as Defendant "EAST CLAY" and/or "EAST CLAY CARRIERS"), collectively "Defendants," and for causes of action shows this Court as follows:

I.

## INTRODUCTION

1.  This is a case arising as a result of a motor vehicle collision between two eighteen wheelers. As a direct result of the collision, Plaintiff sustained serious and permanent injuries and significant damages.

2.  Plaintiff **CATHY GUIGNET** was operating an 18 wheeler tractor trailer in the course and scope of her employment with Southern Refrigerated Transport.

3.  Defendant **DARYL L. WEAVER** was operating a tractor trailer in the course and scope of his employment with Defendant **EAST CLAY.**

## II.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $100,000.00 and because there is diversity of citizenship between Plaintiff and Defendants.

5. Venue is also proper because all of the Defendants conduct business in this district thereby being subject to personal jurisdiction in this judicial district as of the date this action was commenced.

## III.

## PARTIES

6. Plaintiff **CATHY GUIGNET** is an individual who resides in Terrell, Texas. Plaintiff brings this action to recover damages for personal injuries sustained and suffered as a result of the serious motor vehicle collision in question.

7. Defendant **EAST CLAY CARRIERS, LLC**, is a limited liability corporation that is incorporated under the laws of the State of Pennsylvania. Defendant has its principal place of business in the State of Pennsylvania. Said Defendant may be served with process by serving its registered agent, Corporation Service Company, at 2704 Commerce Drive, Harrisburg, Pennsylvania 17110.

8. Defendant **DARYL L. WEAVER** is an individual who resides in Mount Olive, Mississippi, 39119. Because Defendant is a non-resident motorist, pursuant to Federal Rules of Civil Procedure 4(k) (1) (A), the Long-Arm Statute, Defendant **DARYL L. WEAVER** may be served with substituted process by and through Secretary of State, at 1019 Brazos Street, Room 220, Austin, Texas 78701. Defendant **DARYL L. WEAVER**'s

residential address is 112 Dennis Road, Mount Olive, MS 39119-4714.

## IV.

## FACTUAL BACKGROUND

9. On or about Friday, October 1, 2010, Plaintiff was seriously injured in a motor vehicle collision with Defendant **WEAVER** while said Defendant was operating a 1997 International tractor trailer while in the course and scope of his employment and of Defendant **EAST CLAY**.

10. At the time of this serious collision, the weather was clear, the asphalt roadway was dry and the road alignment was straight. Just prior to the collision, Plaintiff was operating a tractor truck in the bobtail configuration, traveling Northbound on US Highway 71N.

11. Just prior to the collision in question, Defendant **WEAVER** was operating a tractor truck towing a flatbed trailer loaded with three automobiles and was traveling Southbound on US Highway 71N.

12. As Defendant **WEAVER** was traveling Southbound and was approaching the Sycamore Creek Bridge, he came upon a slower moving pickup truck pulling a trailer. Defendant **WEAVER** was traveling too fast and, upon seeing the pickup, locked his brakes, skidding over 200 feet before his trailer jackknifed.

13. As a result of Defendant **WEAVER's** failure to maintain control, his vehicle entered the Northbound lane of US Highway 71, directly in the path of Plaintiff's tractor trailer.

14. Although Plaintiff attempted to avoid the collision by moving her vehicle to the right, she was unable to avoid colliding the front of her rig with the right side of Defendant **WEAVER's** rig. As a result of the collision, a fire immediately erupted due to ruptured fuel tanks, engulfing the collision scene and destroying the Defendant's rig, the Plaintiff's rig and the

cargo being transported by both rigs.

15. The tractor-trailer operated by Defendant **WEAVER** was owned by Defendant **EAST CLAY** who had hired Defendant **WEAVER** to operate the tractor-trailer.

16. Arkansas Department of Public Safety Trooper Christopher T. Brackatt responded to the collision scene in Sevier County, Arkansas at approximately 11:50 a.m., and cited Defendant **WEAVER** for failure to control his speed for the conditions and for following too close.

17. As a direct and proximate result of the Defendants' negligence and gross negligence, Plaintiff has in the past and will in the future experience physical injuries, pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses, medical monitoring expenses, loss of impairment, disfigurement, embarrassment and humiliation, fright and apprehension, emotional distress, and other damages, all of which are believed to be permanent.

## V.

## NEGLIGENCE OF DEFENDANT DRIVER, DARYL LEE WAVER

18. Plaintiff incorporates Paragraphs 1 through 17 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

19. The collision complained of herein and the resulting injuries and damages to Plaintiff were proximately caused by the negligence of Defendant **WEAVER** in one or more of the following respects:

    a. In failing to have the tractor-trailer that Defendant **WEAVER** was operating under proper control;

    b. In failing to keep a proper lookout for other vehicles using the roadway;

    c. In failing to control the speed of the tractor-trailer on a public roadway and/or in driving at an unreasonable speed based upon the conditions that existed;

    d. In failing to operate his tractor trailer in a single lane;

    e. In failing to reduce his speed;

    f. In failing to make a proper and/or timely application of his brakes.

20. Each and every one of the above and foregoing acts and omissions constitutes negligence, and negligence per se, and each and every act and omission, singularly or in combination with other negligent acts, was a proximate cause of the collision, the significant, permanent and debilitating injuries of Plaintiff and the resulting damages to Plaintiff.

## VI.
## RESPONDEAT SUPERIOR

21. Plaintiff incorporates Paragraphs 18 through 20 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

22. Plaintiff would show that at the time and on the occasion in question, Defendant **WEAVER** was the agent, servant, employee or independent contractor of Defendant **EAST CLAY CARRIERS, LLC**, and was acting on its behalf and in furtherance of Defendant's business.

23. Accordingly Defendant **EAST CLAY CARRIERS, LLC** is liable to Plaintiff for all of the damages herein under the principles of *respondeat superior*.

24. Even if Defendant driver **WEAVER** was not an "employee" of Defendant **EAST CLAY CARRIERS**, nevertheless **WEAVER** was a statutory employee of Defendant **EAST CLAY CARRIERS**, by virtue of his status as an independent owner/operator for

Defendant **EAST CLAY CARRIERS**.

## VII.

### PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT EAST CLAY CARRIERS, LLC

**A. Negligent Hiring and Retention**

25. Plaintiff incorporates Paragraphs 21 through 24 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

26. Plaintiff would show that **EAST CLAY CARRIERS, LLC** was negligent in hiring **WEAVER** as a truck driver and was negligent in retaining him as a driver. Such negligence was a proximate cause of the collision, Plaintiff **CATHY GUIGNET's** serious and permanent injuries and significant damages.

**B. Negligent Supervision and Training**

27. Plaintiff adopts and incorporates all of the allegations contained in paragraphs 1 through 26 as fully as though set out herein. Plaintiff would show that **EAST CLAY CARRIERS** was negligent in failing to properly train and supervise **WEAVER** as a truck driver. Such negligence was a proximate cause of the collision, Plaintiff's serious, permanent and debilitating injuries and Plaintiff's damages.

28. Plaintiff would further show that **EAST CLAY CARRIERS** knew, or in the exercise of ordinary care, should have known that Defendant **WEAVER** was a careless and incompetent driver and would operate the vehicle negligently and cause a collision, and accordingly, **EAST CLAY CARRIERS** is liable to Plaintiff for all of the damages herein because of such negligent entrustment.

C. Negligent Entrustment

29. Plaintiff would further show that knew, or in the exercise of ordinary care, should have known that Defendant **WEAVER** was a careless and incompetent driver and would operate the vehicle negligently and cause a collision, and accordingly, this Defendant is liable to Plaintiff for all of the damages herein because of such negligent entrustment.

30. Furthermore, Defendant **EAST CLAY CARRIERS, LLC,** knew, or in the exercise of ordinary care, should have known that Defendant **WEAVER'S** history of safety violations was so egregious and far reaching, that it should never have leased any equipment to Defendant **WEAVER.**

31. Furthermore, Defendant **EAST CLAY CARRIERS**, knew, or in the exercise of ordinary care, should have known that Defendant **WEAVER** was going to operate its trailer without adequate training and supervision and without properly maintaining the vehicles and equipment, and accordingly, **EAST CLAY CARRIERS** is liable because of such negligent entrustment.

32. The collision complained of herein and the resulting injuries and damages to Plaintiff were proximately caused by the negligence of Defendants **WEAVER** and **EAST CLAY CARRIERS.**

VIII.

NEGLIGENCE OF DEFENDANT,
EAST CLAY CARRIERS, LLC

33. Plaintiff incorporates Paragraphs 25 through 32 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

34. **EAST CLAY** committed acts of omission and commission, which collectively and severally constituted negligence and/or gross negligence, which were a proximate cause of

Plaintiff's injuries and damages.

## IX.

## GROSS NEGLIGENCE

35. Plaintiff incorporates Paragraphs 33 through 34 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

36. Defendants' conduct constitutes gross negligence, which proximately caused Plaintiff's injuries and damages, for which Plaintiff is entitled to recover punitive damages.

37. Because the acts and/or omissions of Defendants constituted malice, as described above, Plaintiff is entitled to recover exemplary damages from Defendants.

## X.

## CAUSATION

38. Plaintiff incorporates Paragraphs 35 through 37 herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

39. Each of the aforementioned acts, omissions, negligence, gross negligence, malice, and/or defective products was a proximate and/or a producing cause of the injuries to Plaintiff.

## XI.

## ACTUAL DAMAGES OF PLAINTIFF

40. As a result of Defendants' conduct outlined herein, Plaintiff, **CATHY GUIGNET**, has suffered, sustained, and incurred, and will continue to suffer, sustain, and incur, in all reasonable probability, the following injuries and damages, among others:

    a. Physical pain and suffering in the past;

    b. Physical pain and suffering in the future;

    c. Mental anguish in the past;

    d.    Mental anguish in the future;

    e.    Reasonable and necessary medical expenses in the past;

    f.    Reasonable and necessary medical expenses in the future;

    g.    Physical disability and impairment in the past;

    h.    Physical disability and impairment in the future; and

    k.    Lost wages/loss of wage earning capacity in the past;

    l.    Lost wages/loss of wage earning capacity in the future.

## XII.

## JURY TRIAL REQUEST

Plaintiff requests a jury trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that each and every Defendant be cited to appear and answer herein, and that upon trial, Plaintiff recover of and from each and every Defendant, singularly and collectively, damages as mentioned above, which Plaintiff may show herself to be justly entitled at law and in equity and among other things:

    a.    Judgment against the Defendants, jointly and severally, for compensatory damages in excess of the minimum jurisdictional limits of this Court;

    b.    Judgment against the Defendants, severally, for punitive and exemplary damages in excess of the minimum jurisdictional limits of this Court;

    c.    Pre-judgment interest in accordance with the law;

    d.    Post-judgment interest in accordance with the law;

    e.    Cost of court;

    f.    Reimbursable expenses as permitted under law; and

 g. Such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**STOVALL & ASSOCIATES, P.C.**

BY: /s/ Kimberly A. Stovall
**KIMBERLY A. STOVALL**
State Bar No. 19337000
6600 LBJ Freeway, Suite 180
Dallas, Texas 75240
(972) 774-1276, Telephone
(972) 774-1277, Facsimile
**ATTORNEY FOR PLAINTIFF**

g.   Such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**STOVALL & ASSOCIATES, P.C.**

BY:   /s/ Kimberly A. Stovall
**KIMBERLY A. STOVALL**
State Bar No. 19337000
6600 LBJ Freeway, Suite 180
Dallas, Texas 75240
(972) 774-1276, Telephone
(972) 774-1277, Facsimile
**ATTORNEY FOR PLAINTIFF**